UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

JABULANI GARIKAYI,

               Petitioner,

v.                                                              No. 1:26-CV-00132-H

WARDEN, BLUEBONNET
DETENTION CENTER,

               Respondent.

## ORDER

Petitioner Jabulani Garikayi, a self-represented immigrant detainee, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention pending removal. He seeks release from confinement.

Respondent filed a response along with relevant records showing that Petitioner's detention was not prolonged, ICE has obtained travel documents for him from the Zimbabwean government, and that his removal was imminent when he filed this petition. Dkt. No. 11. However, shortly after Petitioner filed the petition, he was transferred into the custody of the Denton County Sheriff's Office for prosecution of a drunk driving charge. *Id.* Although ICE has lodged a detainer for Petitioner's return to ICE custody upon the resolution of his state criminal charges, it no longer has physical custody of the Petitioner, and there is no further relief that the Court may award. Thus, Respondent asks the Court to dismiss the petition for lack of jurisdiction as moot under Federal Rule of Civil Procedure 12(h)(3).

Petitioner replied, arguing that the Court maintains jurisdiction over his claims because ICE has indirect custody of him through the detainer. But he is mistaken. *See Zolicoffer v. U.S. Dept. of Justice*, 315 F.3d 538, 540 (5th Cir. 2002) (holding that "prisoners are not 'in custody' for purposes of 28 U.S.C. § 2241 simply because [ICE] has lodged a detainer against them").

Based on the information provided by Respondent, the Court concludes that Petitioner's claims are moot because he is no longer in ICE custody.  Thus, the petition must be dismissed for lack of jurisdiction.

So ordered.

The Court will enter judgment accordingly.

Dated May 8, 2026.

_____
JAMES WESLEY HENDRIX
United States District Judge